# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X

ROC-LE TRIOMPHE ASSOCIATES, LLC,　　　　　　Index No.:

　　　　　　　　　Plaintiff,　　　　　　　　　**SUMMONS**

　　-against-

　　　　　　　　　　　　　　　　　　　Plaintiff designates New York
　　　　　　　　　　　　　　　　　　　County as the place of trial
TASKRABBIT, INC.,　　　　　　　　　　The basis of venue is the cause of
　　　　　　　　　　　　　　　　　　　action occurred in NY County

　　　　　　　　　Defendant.
------------------------------------------------------------------X

TO THE ABOVE-NAMED DEFENDANT:

　　　YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or if the complaint was not served with this summons, to serve a notice of appearance, on the plaintiff's attorneys within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein. Plaintiff designates New York County as the place of trial in accordance with C.P.L.R. § 503.

Dated: New York, New York
　　　　June 20, 2023

　　　　　　　　　　　　　　　　　MICHAEL B. KRAMER & ASSOCIATES

　　　　　　　　　　　　　　　　　By:_____
　　　　　　　　　　　　　　　　　　　MICHAEL B. KRAMER
　　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　488 Madison Avenue, 11th Floor
　　　　　　　　　　　　　　　　　New York, New York 10022
　　　　　　　　　　　　　　　　　212-319-0304
　　　　　　　　　　　　　　　　　mkramer@mkramerlaw.com

To: TASKRABBIT, INC.
　　c/o Department of State

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------X
ROC-LE TRIOMPHE ASSOCIATES, LLC,                    Index No.:

                     Plaintiff,                    **COMPLAINT**

      -against-

TASKRABBIT, INC.,



                     Defendant.
-----------------------------------------------------------------------X

      Plaintiff, ROC-LE TRIOMPHE ASSOCIATES, LLC ("ROC" or "Plaintiff"), by its attorneys, Michael B. Kramer & Associates, as and for its complaint against the Defendant, TASKRABBIT, INC. ("TaskRabbit" or "Defendant"), (collectively the "Defendants"), alleges as follows:

### THE PARTIES

      1.     Plaintiff is, and at all relevant times hereinafter mentioned was, a limited liability company organized under the laws of the State of New York with a principal place of business in the City, County and State of New York.

      2.     Plaintiff is the owner in fee simple of the land and mixed-use, high rise building located at 245 East 58th Street, New York, New York known as Le Triomphe (the "Building").

      3.     Defendant, TaskRabbit is a Delaware corporation doing business in the State of New York. TaskRabbit is an online and mobile marketplace that matches labor with local demand.

1

## JURISDICTION & VENUE

4. This Court may exercise jurisdiction over Defendant, because i. it is a corporation duly qualified to do business in the State of New York, ii. it conducts business in the State of New York and iii. the acts complained of occurred in the City, County and State of New York.

5. Venue is proper in New York County because, pursuant to CPLR §503, the acts which form the basis of the causes of action complained of occurred in New York County.

## FACTUAL BACKGROUND

### Contractual Background & Alteration/Repairs Dispute

6. Upon information and belief, an occupant of the Building retained Defendant to perform or cause to be performed certain work in Apartment 17B in the Building (the "Premises"), including, but not limited to, the mounting of a television on a wall of the Premises.

7. On February 1, 2023, the Defendant through its agent and/or independent contractor named "David J.", known as a "Tasker", entered the Building carrying a backpack. This individual did not identify himself as a TaskRabbit worker nor did he indicate that he was there to perform any work at the Building or in the Premises. He was allowed to proceed to Apartment 17B as a visitor of the occupants of the Premises.

8. In the process of mounting the television in the living room of the Premises, Defendant through its agent, negligently broke a gas service line servicing the B Line of the Building. Defendant's negligence in the course of performing the work caused the gas pipe to be penetrated.

9. Shortly after the incident, the Building's staff received the report of a gas leak in the Premises. The Building's handyman and resident manager immediately inspected the Premises which had a strong smell of gas and they proceeded to shut off the power and open the

2

wall where they found a freshly drilled hole on the main gas riser for the entire B line kitchens. As required by law, Con Edison and the New York Fire Department were called in by Plaintiff and its staff and were on site for the immediate shut off of the main valve servicing the B line of the Building.

10. After Con Edison turned off gas service, Plaintiff was required to retain the services of a licensed plumber to repair and/or replace the equipment in accordance with Con Edison specifications and the requirements of the NYC Department of Buildings. Following the repairs, before gas service could be resumed, Plaintiffs had to submit to Con Edison (a) a Meter Piping Test Affidavit; (b) an Integrity Test Affidavit; (c) a Final Gas Checklist; and (d) the DOB Emergency Work Notification/Limited Alteration Application and the Gas Authorization or Certification.

11. As a result of the Defendant's negligence, there was no gas service to the B line of the Building for seven (7) weeks during which the B line rental tenants in the Building were unable to have gas service to their kitchens.

12. As a result of Defendant's negligent acts, Plaintiff has incurred substantial costs in the repair of the damaged gas line. Moreover, affected tenants in the Building required temporary cooking equipment and have demanded rent abatements as result of their being deprived of gas services for seven (7) weeks. Finally, Plaintiff has been required to incur additional and material expenses relating to the required inspections by Con Edison and the Department of Buildings prior to gas service being restored to the Building.

3

## FIRST CAUSE OF ACTION

### (Negligence)

13. Plaintiff repeats and realleges each and every allegation as stated in Paragraph 1 through Paragraph 12 as if fully set forth in its entirety herein.

14. The Defendant owed a duty of care to Plaintiff and the Defendant breached that duty of care by failing to act in a reasonable, careful manner thereby directly causing physical damage to the Building and as well as substantial monetary damage to the Plaintiff.

15. Plaintiff has fully performed all obligations on its part to be performed.

16. As a result of the foregoing, Plaintiffs have been damaged in an amount to be determined at trial, but not less than Seventy Thousand ($70,000) Dollars.

**WHEREFORE**, Plaintiff demands judgment against the Defendants on each cause of action as follows:

A. On the First Cause of Action, a monetary judgment against Defendant, in a sum not less than Seventy Thousand ($70,000) Dollars; and

B. Granting Plaintiff such other and further relief as the Court may deem just and proper including the costs and attorneys' fees of this action.

Dated: New York, New York
June 20, 2023

MICHAEL B. KRAMER & ASSOCIATES

By:_____
Michael B. Kramer, Esq.
Attorneys for Plaintiff
488 Madison Avenue, 11th Floor
New York, New York 10022
212-319-0304
mkramer@mkramerlaw.com