```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
ROC LE TRIOMPHE, LLC,                                        :
                                   Plaintiff,                :   23 Civ. 7634 (LGS)
                                                             :
                -against-                                    :   ORDER
                                                             :
TASK RABBIT, INC.,                                           :
                                   Defendant.                :
-------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on June 20, 2023, Plaintiff filed an action in the Supreme Court of the State of New York, New York County, asserting negligence in connection with penetration of a gas line and seeking damages "in an amount to be determined at trial, but not less than Seventy Thousand ($70,000) Dollars."

WHEREAS, on August 28, 2023, Defendant filed a Notice of Removal, asserting that diversity jurisdiction existed because (1) there was complete diversity between the parties and (2) the amount in controversy exceeded $75,000 based on an August 7, 2023, email from Plaintiff to Defendant as part of the parties' settlement discussions, which stated for the first time that the amount of damages was $87,836.00.

WHEREAS, as part of initial pretrial submissions, the parties filed a joint letter in which Plaintiff asserted that the August 7, 2023, email was sent by Plaintiff's general counsel for settlement purposes only.  Plaintiff stated that it shared the amount of damages it had sustained for the "sole purpose of getting Defendant to come up from its 'offer'" and that "Defendant ignores the fact that Plaintiff was prepared to settle the case[] for an amount below the threshold for diversity jurisdiction in federal courts."

WHEREAS, an October 16, 2023, Order directed Defendant to show cause why subject matter jurisdiction exists in this action.

WHEREAS, on October 24, 2023, Defendant filed a letter stating that diversity jurisdiction exists and removal was proper.  On October 31, 2023, Plaintiff filed a letter in response asserting that "the amount in actual dispute does not exceed $75,000."

WHEREAS, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . (1) citizens of different States."  28 U.S.C. § 1332(a)(1).  "To remove a case based on diversity jurisdiction, the diverse defendant must aver that all of the requirements of diversity jurisdiction have been met."  *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 356 (2d Cir. 2011).  "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).

WHEREAS, there is complete diversity between the parties.  Plaintiff is a New York corporation with its principal place of business in New York, and Defendant TaskRabbit is a Delaware corporation with its principal place of business in California.

WHEREAS, the pleadings state only that the amount in controversy is "not less than" $70,000.  Where, like here, "the pleadings are inconclusive as to amount in controversy, then the courts may look to documents outside the pleadings to other evidence in the record to determine the amount in controversy."  *Yong Qin Luo v. Mikel*, 625 F.3d 772, 775 (2d Cir. 2010).  A settlement offer can be evidence of the amount in controversy if it appears to reflect a reasonable estimate of the value of a plaintiff's claim.  *See, e.g.*, *Champion v. CVS Albany, LLC*, No. 22 Civ. 7748, 2023 WL 1766284, at *2 (E.D.N.Y. Feb. 3, 2023) (finding that mediation offer that set out plaintiff's alleged lost wages and earnings triggered removal and noting that "[c]ourts have found that settlement demands can constitute an 'other paper' under § 1446") (collecting cases).  Here,

2

Plaintiff's August 7, 2023, email stated that "[t]he total damages incurred to date in connection with the penetration of the gas line on February 1st are $87,836 (exclusive of legal fees . . . paid to date). That total includes $31,736 in repairs/replacements (based on paid invoices previously forwarded) and $56,100 in rent credits for B line tenants without gas service from February 1- March 16, 2023." Because Plaintiff's offer explains the damages incurred in detail and based on numeric evidence, it reflects a reasonable estimate of the value of Plaintiff's claim.

WHEREAS, Defendant filed a notice of removal within 30 days of receipt of Plaintiff's settlement offer. The jurisdictional requirements have been satisfied. It is hereby

**ORDERED** that the parties shall proceed in accordance with the case management plan and scheduling order, which will issue separately. The parties' attention is directed to the provisions for periodic status letters, and the need for a pre-motion letter to avoid cancellation of the final conference and setting of a trial date. It is further

**ORDERED** that if Defendant seeks to file a motion to dismiss, it shall file a pre-motion letter pursuant to Individual Rules III.A.1 and III.C.2.

Dated: November 13, 2023
       New York, New York

                                        _____
                                        **LORNA G. SCHOFIELD**
                                        **UNITED STATES DISTRICT JUDGE**